**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

    Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **KEVIN POPPEN**, | Case No. 3:22-cv-227 |
| PLAINTIFF, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTIONS FMLA; ADA; ADEA & Supplemental State Law Claims |
| **CLACKAMAS COUNTY**, | |
| DEFENDANT. | **JURY TRIAL DEMANDED** |

## I. PRELIMINARY STATEMENT

1.   Plaintiff brings this action to remedy violations of Plaintiff's statutory rights under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112, the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, 42 U.S.C. § 1983; Age Discrimination In Employment, 29 U.S.C. § 623 – ADEA; as well as supplementary state claims. Plaintiff seeks equitable relief

PAGE 1 – COMPLAINT

as well as compensatory damages, attorneys' fees and costs.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4. Before filing this action, Plaintiff complied with the Oregon Tort Claim Act concerning the pendent state law claims. Plaintiff's attorney mailed a tort claim notice to Defendant on Plaintiff's behalf.

5. All other preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

    a. On or about May 19, 2021, Plaintiff filed a charge of employment discrimination, retaliation, and interference with the Oregon Bureau of Labor and Industries (BOLI), case no. STEMAG210519-10547 and AGEMAG210519-10547, for unlawful employment practices of the basis of disability, utilization of leave under the Oregon Family Leave Act (OFLA), and age.

    b. On June 25, 2021, the Oregon Bureau of Labor and Industries (BOLI) co-filed a complaint of discrimination with the Equal Employment Opportunities Commission (EEOC), case no. 38D-2021-00555.

    c. On November 23, 2021, BOLI issued Plaintiff a right-to-sue letter for case no. AGEMAG210519-10547.

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

      d.      On December 16, 2021, the EEOC issued a right to sue letter for case no. 38D-2021-00555.

6.      Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District.

### III. PARTIES

7.      Plaintiff Kevin Poppen ("Plaintiff") is a citizen of the United States. At all times material, Plaintiff worked for Defendant Clackamas County as a Deputy Sheriff, Supervisor, Lieutenant, and Captain in its Clackamas County Sheriff's Office in Oregon City, Clackamas County, Oregon. Defendant Clackamas County ("Defendant" or "County") is a political subdivision of the State of Oregon.

8.      At all times relevant, Defendant's employees and supervisors, as their conduct is alleged herein were acting within the course and scope of their employment with Defendant. Those employees and supervisors include the following: Undersheriff and Sheriff Brandenburg and Sheriff Craig Roberts.

### IV. GENERAL FACTUAL ALLEGATIONS

9.      At all times relevant here, Plaintiff suffered and does still suffer from multiple disabilities. Said disabilities are permanent. Said disabilities continue to substantially impair Plaintiff's major life activities of standing, walking, running, and other activities.

10.      As explained below, Plaintiff requested accommodations for his disabilities while working for Defendant. Plaintiff also requested and took medical leave. On or about November 20, 2020, which was within approximately one month- after Plaintiff returned to work from medical leave, Defendant demoted Plaintiff, an adverse employment action. Defendant also demoted Plaintiff without engaging in a good-faith interactive process with Plaintiff.

PAGE 3 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

11. In 1982, Defendant hired Plaintiff as a law enforcement deputy sheriff with the Clackamas County Sheriff's Office. As Plaintiff worked for Defendant he was promoted into Sheriff's Office management. He served as both a Deputy Sheriff, Detective, Sergeant, Lieutenant, and as a Captain.

12. In 2007, Plaintiff was promoted to the position of Captain by Sheriff Craig Roberts. While working as a Lieutenant and as a Captain, Plaintiff was highly experienced and cross trained. Plaintiff was assigned to manage and supervise every division of the Sheriff's Office, including the Services Division, Investigations, Patrol, Civil, and the Professional Standards Unit. The only division that Plaintiff did not supervise was the Corrections Division, which is known as the County Jail.

13. Between 2011 and 2015, Plaintiff supervised the current Sheriff, Angela Brandenburg. Plaintiff was Brandenburg's direct manager as Division Commander of the Investigations Division.

14. Plaintiff has a disability which substantially impairs his ability to walk, run and stand. In about 2017, Plaintiff began experiencing increased physical difficulty and substantial impairment in the major life activities of standing for extended periods of time, walking, sitting and running. As Plaintiff's mobility issues increased, he began limping. Multiple co-workers frequently commented on his noticeable limp.

15. In approximately February 2019, Angela Brandenburg was promoted to the position of Undersheriff. When Brandenburg was promoted to Undersheriff, Plaintiff was the Captain of the Sheriff's Office Services Division. That division manages Records, Information Technology, and Training. Around that time, Plaintiff was also assigned to manage the Sheriff's Office Professional Standards Unit.

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

16. On June 6, 2019, then Undersheriff Brandenburg contacted Plaintiff and told him that due to his extensive experience and knowledge, she was temporarily assigning Plaintiff the duty of reviewing the agency's Training Division and making recommendations to Sheriff Roberts and her on the structure and improvements on agency training. On September 19, 2019, Plaintiff completed the assignment and presented his completed review of the Training Division to Sheriff Craig Roberts and Undersheriff Brandenburg. Plaintiff gave Roberts and Brandenburg a prepared report with his recommendations.

17. At the completion of the Training review assignment, Undersheriff Brandenburg reassigned Plaintiff to the position of Captain in charge of Risk Management, a duty he had previously performed as a collateral duty as the Captain of Investigations and Services Division. Sheriff Roberts complemented Plaintiff on the training review assignment and informed Plaintiff he intended to implement many of the recommendations.

18. In April 2020, Brandenburg reassigned Plaintiff as the Captain in charge of Sheriff's Office Professional Standards Unit. Once again, Brandenburg referenced Plaintiff's experience and training as the reason for the reassignment. In mid-summer, 2020, Brandenburg assigned Plaintiff the additional duty of monitoring and tracking all COVID-related incidents and exposures in the sheriff's office.

19. In September 2020, Plaintiff learned that his physical condition was worsening. Plaintiff learned that he would need to undergo hip replacement surgery Plaintiff immediately notified both Undersheriff Brandenburg and Sheriff Roberts of his need for surgery and requested approval for medical leave. Plaintiff submitted a completed application for leave under the Family Medical Leave Act (FMLA) directly to both Undersheriff Brandenburg and the Clackamas County Human Resources. Plaintiff's application for medical leave was approved and

PAGE 5 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

signed by Undersheriff Brandenburg. On September 22, 2020, Plaintiff began medical leave. That day, Plaintiff had surgery on his hip to replace the injured and damaged joint.

20. After surgery, Plaintiff was determined to return to work as soon as possible so he only took about three weeks off work after the hip replacement surgery. In late October 2020, Plaintiff returned to work on approved modified duty as Captain in charge of Risk Management, as well as tracking, making notifications, and monitoring staff affected by COVID-19. At that time, Plaintiff was working on a part-time basis as he ramped up to a return to full time employment.

21. On November 3, 2020, Undersheriff Angela Brandenburg was elected Clackamas County Sheriff. On November 20, 2020, which was approximately forty-one (41) days prior to assuming her elected office, Sheriff-elect Brandenburg sent an email to all Command Staff citing a Clackamas County Ordinance as the basis of her to select Captains for her Command Staff.

22. On November 24, 2020, prior to Undersheriff Brandenburg assuming her elected office, Undersheriff Brandenburg came to Plaintiff's office and told notified Plaintiff that she was demoting him to the rank of lieutenant when she assumed the office of Sheriff. Brandenburg told Plaintiff that the demotion would be effective January 1, 2021. Undersheriff Brandenburg was asked by Plaintiff where he was being assigned. Brandenburg replied "were still working on that".

23. Plaintiff was subsequently replaced by a substantially younger worker. On December 16, 20202, Plaintiff was off work and was walking his dog when he received a telephone call from then Lieutenant Jesse Ashby. Ashby told Plaintiff that he was calling on behalf of Brandenburg. Ashby said that Brandenburg directed him to tell Plaintiff that she was assigning Plaintiff to an administrative lieutenant position in January 2021. In an email

PAGE 6 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

notification on December 16, 2020, Sheriff-elect Brandenburg announced she was promoting Lieutenant Jesse Ashby to Chief Deputy, Lieutenant Brad O'Neill to Captain, and Captain Michael Copenhaver to Undersheriff. As of December 16, 2020, Plaintiff was sixty-three (63) years old.

24. On December 16, 2020, Brandenburg demoted another member of the command staff, Captain Jeff Smith, to the rank of Lieutenant effective January 1, 2021, Captain Smith was also an older worker who was demoted.

25. To Plaintiff's best knowledge, since 2007, the Clackamas County Sheriff has not demoted any employee from the rank of Captain with loss of pay absent a sustained complaint, performance issue, or just cause. Plaintiff did not have a sustained complaint, performance issue, and there was no just cause for his demotion. Plaintiff resigned his position with Defendant in advance of his demotion to avoid the loss of retirement benefits he would have experienced as a Lieutenant. .

26. On February 25, 2021, Plaintiff's counsel sent Defendant's risk manager a tort claim notice on behalf of Plaintiff. On September 13, 2021, Andrew Narus, Assistant Clackamas County counsel responded that he was representing Clackamas County on the tort claim notice and administrative complaint.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 et seq.)**

27. Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

28. Defendant is an 'employer' within the meaning of 29 U.S.C. § 2611(4). Defendant employed at least 50 employees for each working day during each of 20 or more

PAGE 7 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

calendar work weeks in 2017, 2018, and 2019.

29.  At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2). At all times in 2019, the year before Plaintiff took leave, and in 2020, the year Plaintiff took leave, Defendant employed 50 or more employees within 75 miles of the worksite where Plaintiff performed work for Defendant. Plaintiff was employed by Defendant for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave. Plaintiff was employed by Defendant for more than 12 months prior to commencing leave.

30.  In 2020, Plaintiff took medical leave protected by the Family Medical Leave Act (FMLA). At all material times when Plaintiff took leave, Plaintiff suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

31.  Defendant interfered with Plaintiff for engaging in the protected activity of taking leave under FMLA. Defendant interfered with Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, demoting Plaintiff after he took medical leave.

32.  As a direct and proximate result of Defendant's interference Plaintiff has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses, all to Plaintiff's economic damages in an amount to be determined at trial. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment,

33.  Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A). Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorneys' fees, expert fees, and costs incurred herein.

34.  Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the

PAGE 8 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

date the damage occurred until the date of judgment. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

35. The Court should enter an order declaring that Defendant violated the FMLA

## SECOND CLAIM FOR RELIEF

### (Oregon Family Leave Act – ORS 659A.150 et. seq.)

36. Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

37. In 2020, Plaintiff took medical leave protected by the Oregon Family Leave Act (OFLA).

38. Defendant was an employer covered by OFLA. In 2019, the year before Plaintiff took medical leave, Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks. In 2020, the year Plaintiff took leave, Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks.

39. Plaintiff was an eligible employee under OFLA. Immediately prior to commencing family leave in 2020, Plaintiff worked for Defendant for more than 180 days. Plaintiff worked an average of more than 25 hours per week for Defendant during the 180 days immediately preceding the dates on which Plaintiff commenced family leave. At all material times, Plaintiff had a serious health condition as that term is defined in ORS 659A.150(6).

40. Defendant interfered, discriminated, and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, demoting Plaintiff from his position without justification resulting in Plaintiff decision to retire from Plaintiff's employment.

41. As a result of Defendant's interference, discrimination, and retaliation against

PAGE 9 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Plaintiff, Plaintiff suffered and continues to suffer economic losses.

42. As a result of Defendant's discrimination and retaliation against Plaintiff, Plaintiff is entitled to equitable relief. The court should enter an order declaring that Defendant violated the OFLA.

43. Pursuant to 659A.885, Plaintiff is entitled to recover back pay and front pay. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment. Plaintiff is also entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

44. Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorneys' fees and costs, including expert witness fees.

## THIRD CLAIM FOR RELIEF

### (Title I of the Americans with Disabilities Act – Discrimination)

45. Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

46. At all times material, Defendant was an employer for the purpose of, and subject to, the Americans with Disabilities Act (ADA).

47. Plaintiff has an impairment which substantially limits one or more major life activities, has a history and/or record of such impairment, and/or was regarded by Defendant as having such impairment.

48. After Plaintiff disclosed Plaintiff's disability to Defendant, Defendant began to discriminate against Plaintiff as alleged above. Said discrimination was based on Defendant's failure to reasonably accommodate Plaintiff by demoting him, disparate treatment, and retaliation.

PAGE 10 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

49. Plaintiff requested reasonable accommodations from Defendant. At all relevant times, Plaintiff was able to perform the essential functions of Plaintiff's position, with or without reasonable accommodation. Defendant failed to engage in the interactive process with Plaintiff. Also, at no time did Defendant provide any explanation for why Plaintiff was being demoted without cause or reasonable justification.

50. Defendant's conduct violated 42 U.S.C. § 12112. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

51. Plaintiff is entitled to equitable relief, including, but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation. The court should enter an order declaring that Defendant violated the ADA.

52. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

53. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

54. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

PAGE 11 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

55.     Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to an award of attorneys' fees, expert witness fees and costs incurred herein.

## FOURTH CLAIM FOR RELIEF

## (Title I of the Americans with Disabilities Act – Retaliation)

56.     Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

57.     Defendant retaliated against Plaintiff for pursuing Plaintiff's rights in accordance with the ADA. Such actions by Defendant are in violation of the Americans with Disabilities Act. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

58.     Plaintiff is entitled to equitable relief, including, but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation. The court should enter an order declaring that Defendant violated the ADA.

59.     Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

60.     Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

61.     To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

PAGE 12 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

62. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to an award of attorneys' fees, expert witness fees and costs incurred herein.

63. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FIFTH CLAIM FOR RELIEF

### (ORS 659A.103 et seq. – Oregon Disability Discrimination)

64. Plaintiff re-alleges all relevant paragraphs.

65. Plaintiff is a 'disabled person' as defined at ORS 659A.104(1).

66. Defendant is an 'employer' as defined at ORS 659A.106.

67. After Plaintiff disclosed Plaintiff's disability to Defendant, Defendant discriminated against Plaintiff as alleged above. Said discrimination was based on Defendant's failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

68. Defendant failed to engage in the interactive process with Plaintiff.

69. Plaintiff could perform the essential functions of Plaintiff's job with Defendant with or without the reasonable accommodations of allowing Plaintiff to continue to work.

70. Defendant's refusal to provide reasonable accommodations for Plaintiff's known disability constitutes discrimination against Plaintiff due to Plaintiff's disability pursuant to ORS 659A.103 et seq.

71. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

72. Plaintiff is entitled to equitable relief, including, but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting

PAGE 13 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

further discrimination and retaliation.

73. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

74. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

75. The court should enter an order declaring that Defendant violated the Oregon Rehabilitation Act.

76. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

77. Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

78. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SEVENTH CLAIM FOR RELIEF

### (Age Discrimination in Employment, 29 U.S.C. § 623 – ADEA)

79. Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

80. Plaintiff's age was a substantial motivating and determining factor in Defendant changing the terms and conditions of his employment. Defendant discriminated against Plaintiff by changing the terms and conditions of his employment, in violation of 29 U.S.C. §623(a).

PAGE 14 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

81. As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer economic and non-economic damages.

82. Plaintiff is entitled to equitable relief, including, but not limited to, reinstatement to employment with Defendant, as well as an award of back pay and lost benefits. If appropriate, Plaintiff should be reinstated and awarded past economic damages in an amount determined fair by a jury.

83. Defendant, by and through its agents, acted with the knowledge that its actions violated the ADEA or acted in reckless disregard thereof. As such, Defendant's actions were willful, and Plaintiff is entitled to liquidated damages in an amount equal to his economic damages awarded pursuant to 29 U.S.C. § 626(b).

84. If reinstatement is not appropriate, then Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

85. The Court should enter an order declaring that Defendant violated the ADEA.

86. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

87. Plaintiff is entitled to an award of reasonable attorneys' fees and costs incurred herein pursuant to 29 U.S.C. §626(b) and 29 U.S.C. §216(b).

88. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

PAGE 15 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## SEVENTH CLAIM FOR RELIEF

(ORS Chapter 659A.030 – Age Discrimination)

89. Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

90. Plaintiff's discrimination on the basis of age as alleged herein constitutes an unlawful employment practice in the terms and conditions of Plaintiff's employment in violation of ORS 659A.030 and caused Plaintiff economic and non-economic damages.

91. As a result of Defendant's unlawful employment actions, Plaintiff suffered, and continues to suffer, economic and non-economic damages. Plaintiff is entitled to equitable relief, damages, attorneys' fees, costs, and interest as alleged below.

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against Defendant:

A. A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

B. A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

C. Equitable relief, including, but not limited to, reinstatement if Plaintiff so chooses;

D. Liquidated damages;

E. Plaintiff's costs and disbursements incurred herein;

F. Plaintiff's attorneys' fees; and

/////

/////

/////

/////

PAGE 16 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

G. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: February 14, 2022

**Law Offices of Daniel Snyder**

 /s/ Daniel Snyder
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 17 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249