**Stephen L. Madkour**, OSB No. 941091
Clackamas County Counsel
smadkour@clackamas.us
**Andrew Narus**, OSB No. 134373
Assistant County Counsel
anarus@clackamas.us
**Shawn A. Lillegren**, OSB No. 033750
Assistant County Counsel
E-mail: slillegren@clackamas.us
**Sarah Foreman**, OSB No. 042859
Assistant County Counsel
sforeman@clackamas.us
Office of Clackamas County Counsel
2051 Kaen Road
Oregon City, OR  97045-1819
Phone:  503-655-8362
Fax:  503-742-5397
Of Attorneys for Defendant Clackamas County

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KEVIN POPPEN**,<br><br>                    Plaintiff,<br><br>          v.<br><br>**CLACKAMAS COUNTY**,<br><br>                    Defendant. | Case No. 3:22-cv-00227-SB<br><br>MOTION FOR JUDGMENT AS A MATTER OF LAW |

**MOTION**

Defendant Clackamas County moves the Court under Federal Rule of Civil Procedure 50 for judgment as a matter of law on plaintiff's claim for monetary and non-monetary damages arising from his resignation from the Clackamas County Sheriff's Office on December 31, 2020.  Plaintiff has failed to present sufficient evidence from

Page 1 - MOTION FOR JUDGMENT AS A MATTER OF LAW

which a jury could find that Defendant's actions in demoting Plaintiff to the classification of Lieutenant created "working conditions so intolerable that a reasonable person in the employee's position would have felt compelled to resign[.]"  While Plaintiff has neither clearly plead a constructive discharge theory as part of his claims against Defendant, see Complaint (ECF No. 1), nor presented the Court with jury instructions on the elements of a constructive discharge, to recover damages arising from his decision to resign on December 31, 2020, he must prove that he was constructively discharged by the Sheriff's Office.  Plaintiff has not presented sufficient evidence to make that showing.  The Court should resolve the question of whether Plaintiff has been constructively discharged, grant Defendant judgment on that issue, and instruct the jury that it is not to award any damages to Plaintiff caused by his decision to resign.

## LAW AND FACTS SUPPORTING MOTION

Federal Rule of Civil Procedure 50(a)(1) provides:

> ***In General***.  If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legal sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (**A**) resolve the issue against the party; and
>
> (**B**) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51. Based on the evidence presented in Plaintiff's case-in-chief, the Court should determine that Plaintiff lacks a legally sufficient evidentiary basis to find for Plaintiff on

the issue of whether he was constructively discharged. Defendant asks this Court to rule that Defendant is entitled to judgment as a matter of law on Plaintiff's claim that he was constructively discharged and instruct the jury that it is not to award any damages arising from his decision to resign his employment with the Clackamas County Sheriff's Office.

1. **The Doctrine of Constructive Discharge as a Remedial Mechanism**

The doctrine of constructive discharge provides a mechanism for a plaintiff to recover damages arising from their own decision to resign their position with the employer. "Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge <u>for remedial purposes</u>." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141, 124 S. Ct. 2342 (2004) (citing 1 B. Lindemann & P. Grossman, Employment Discrimination Law 838–839 (3d ed.1996). In *Suders*, Justice Ginsburg explained, "To be sure, a <u>constructive discharge is functionally the same as an actual termination in damages-enhancing respects</u>. * * * As the Third Circuit observed, both 'en[d] the employer-employee relationship,' and both 'inflict . . . direct economic harm." *Id*. at 148 (internal citation omitted; brackets and ellipses in original). *See also Green v. Brennan*, 578 U.S. 547, 559, 136 S.Ct. 1769 (2016) (noting that *Suders* did not hold "that a constructive discharge is tantamount to a formal discharge for remedial purposes exclusively" and reiterating that "[t]he whole point of allowing an employee to claim 'constructive' discharge is that in circumstances of discrimination so intolerable that a reasonable person would resign, we treat the employee's resignation as though the employer actually fired him").

Page 3 - MOTION FOR JUDGMENT AS A MATTER OF LAW

An employment treatise explains the clear relationship between constructive discharge and the damages a plaintiff may pursue. "An employee confronted with an unsatisfactory or even discriminatory job environment is not precluded from quitting and suing for whatever legal violation may have occurred. Unless the constructive discharge test is met, however, a court cannot hold the employer responsible for the economic losses that the employee brought about by quitting." Lindemann & P. Grossman, Employment Discrimination Law, 21-49 (5th ed. 2012).

The Ninth Circuit has also held that a plaintiff who resigns his employment must show that he was constructively discharged to be entitled to damages arising from the resignation of his employment. In *Poland v. Chertoff*, 494 F.3d 1174 (2007) *abrogated on other grounds University of Texas Southwestern Medical Ctr. v. Nassar*, 570 U.S. 338, 133 S. Ct. 2517 (2013), the District Court determined after a bench trial that the employee had been constructively discharged and awarded him the compensation he lost by retiring approximately three years prior to his mandatory retirement date, which included lost wages, the value of paid leave, and lost retirement benefits. *Id*. at 1179.

The Ninth Circuit reversed the District Court's determination that plaintiff had been constructively discharged, concluding that "the evidence of transfer and demotion is insufficient, as a matter of law, to establish a constructive discharge." *Id*. at 1184. It also vacated the District Court's damages award of lost wages, the value of leave, and lost retirement benefits, reasoning, "Because Poland's damage award was predicated entirely on his constructive discharge theory, we remand this case and instruct the district court to give Poland the opportunity to amend his complaint to seek any

remedies available under his retaliation theory." *Id.* at 1186. That is, the plaintiff could re-plead to pursue damages "proximately caused" by the retaliatory transfer. *Id.* at n 9.

Oregon law also recognizes the doctrine of constructive discharge. As a doctrine, it is not limited to common law wrongful discharge claims. In *Seitz v. State By & Through Albina Human Res. Ctr.*, the Oregon Court of Appeals determined that a plaintiff could pursue constructive discharge stemming from her employer's alleged violation of ORS 659.030(1)(f), the predecessor to ORS 659A.030(1)(f). 100 Or App 665, 674–75, 788 P2d 1004, 1010 (1990). *See also Sackett v. ES-O-EN Corp.*, 04-1080-KI, 2005 WL 2314116, at *7 (D. Or. Sept 21, 2005) (citing *Ballinger v. Klamath Pacific Corp.*, 135 Or App 438, 452-52, 898 P.2d 232 (1995) for the proposition that constructive discharge is "applicable to both common law wrongful discharge as well as a claim under ORS 659A.030(1)(a)"). More recently, in *Johnson v. Oregon Bureau of Labor and Industries*, Case No. 21CV16956 (Mult. Co. Cir. Ct.), Multnomah County Circuit Court Judge Benjamin Souede permitted a jury to hear the plaintiff's distinct claim that she had been constructively discharged in violation of ORS 659A.030(1)(a).

Finally, the Oregon Supreme Court has recognized the general principle that the recovery of specific types of damages is tied to the specific harm suffered by the plaintiff. In *Summerfield v. Oregon Liquor Control Comm'n*, 366 Or 763, 789, 472 P3d 231 (2020), the Oregon Supreme Court rejected the plaintiff's argument that, despite the jury awarding no damages on plaintiff's retaliation claim, "when a plaintiff establishes that a defendant violated an antidiscrimination statute and the violation resulted in wage loss or termination, the [plaintiff] is generally entitled to equitable relief in the form of back pay, reinstatement, or front pay * * *." *Id.* at 788. The Court

Page 5 - MOTION FOR JUDGMENT AS A MATTER OF LAW

recognized that, under federal law, those remedies only apply to violations that "result in wage loss or termination." *Id.* at 789 (citing, *inter alia*, *EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1251. However, the Court rejected plaintiff's claim for equitable remedies because it was not clear whether the jury had determined "defendant had retaliated against plaintiff in a way that resulted in wage loss or termination." *Id.* Because "plaintiff argued that defendant had retaliated against him in several ways" and "[t]he jury could have found, for example, that defendant retaliated against plaintiff through 'slights in the workplace' or undesirable job assignments, <u>in which case back pay, reinstatement, or front pay would not be appropriate</u>," the Court could not conclude that the trial court abused its discretion in declining to provide equitable relief. *Id.* at 789-90. The Court's reasoning reflects that particular categories of damages must clearly be based on particular adverse actions. While in *Summerfield* the alleged adverse action was termination, here, because Plaintiff was not terminated, any claim to lost wages or back pay, reinstatement, and front pay would necessarily need to be predicated on a claim of constructive discharge.

In short, under both federal and state law, a plaintiff must plead and prove that he was constructively discharged to pursue remedies that would otherwise only be available if the employee had been terminated.

### 2.  Constructive Discharge Applies to All of the Claims Brought By Plaintiff

Plaintiff must prove constructive discharge on all of his claims brought against Defendant to recover any damages arising from his resignation.

/ / /

/ / /

Page 6 - MOTION FOR JUDGMENT AS A MATTER OF LAW

### A. Plaintiff Must Prove Constructive Discharge Under the FMLA to Prove Damages Arising From His Resignation

The doctrine of constructive discharge is equally applicable to any economic damages owed to Plaintiff as a result of Defendant's alleged interference with his FMLA rights. Pursuant to 29 U.S.C. § 2617, an employer who interferes with an employee's FMLA rights may be held liable for "any wages, salary, employment benefits, or other compensation denied or lost to such employee <u>by reason of the violation</u>." (Emphasis added.) Where an employee voluntarily resigns their position, as is the case here, they should rightfully assume the burden of showing that their resignation was "by reason" of the violation of their FMLA rights. "Amounts are not considered to be denied or lost compensation when they have not been lost due to an FMLA violation, such as when there was an FMLA violation but the plaintiff's employment was later terminated for reasons unrelated to his or her request for leave." Ossip & Hale, The Family and Medical Leave Act, p. 402 (2006) (citing *Brunelle v. Cyro Indus.*, 234 F. Supp. 2d 26,27 (D. Me. 2002)). Just as a termination for reasons unrelated to alleged FMLA interference forecloses recovery of lost wages, so would a voluntary resignation unless Plaintiff can demonstrate he was constructively discharged.

While Defendant has not located a Ninth Circuit case directly applying the constructive-discharge doctrine to an FMLA interference case, other circuits have applied the doctrine to FMLA claims. *See Haley v. Alliance Compressor LLC,* 391 F.3d 644, 648 (5th Cir. 2004) (applying the constructive-discharge doctrine to an employee who resigned, brought an FMLA interference claim, and alleged her resignation was caused by retaliation for taking protected leave); *Groening v. Glen Lake Community Schools*, 884 F.3d 626 (6th Cir. 2018) (evaluating constructive discharge for the

Page 7 - MOTION FOR JUDGMENT AS A MATTER OF LAW

purposes of proving an adverse action occurred to support plaintiff's FMLA-interference claim); *Ziccarelli v. Dart*, 35 F.4th 1079, 1190-92 (7th Cir. 2022) (evaluating applicability of constructive discharge to FMLA interference and retaliation claims brought by sheriff's office employee who retired).

      B.    <u>Plaintiff Must Prove Constructive Discharge Under the ADA to Prove Damages Arising From His Resignation</u>

The same principles should apply to Plaintiff's claim that his disability was a but-for cause of the decision to demote him. To recover damages associated with that claim, Plaintiff should be required to prove to the jury that the demotion was such an intolerable change to working conditions that Plaintiff was forced to leave his employment with the Sheriff's Office. Courts in this district recognize the applicability of the constructive discharge to alleged violations of the ADA.

In *Magee v. Trader Joe's Co.*, 3:18-CV-01956-AC, 2020 WL 9550008, at *7 (D. Or. Sept 1, 2020), *report and recommendation adopted in part*, 3:18-CV-01956-AC, 2021 WL 1550336 (D. Or. Apr 20, 2021), Judge Acosta granted summary judgment on the plaintiff's constructive-discharge theories of state and federal disability discrimination. Applying the constructive discharge doctrine to plaintiff's claims of retaliation and discrimination, he determined that, as a matter of law, "viewing these instances collectively in the light most favorable to [plaintiff], no reasonable person in [plaintiff's] position would have felt compelled to resign." *Id*. Judge Papak applied *Poland* to a plaintiff's "caused resignation" theory brought under the Rehabilitation Act, the predecessor to the ADA, alleging that her treatment on the basis of her perceived disability amounted to constructive discharge. *Marrazzo v. Leavitt*, 719 F Supp 2d 1297, 1305 (D Or 2010). He explained, "By definition, the theory that the defendant caused

Page 8 - MOTION FOR JUDGMENT AS A MATTER OF LAW

[plaintiff] to resign in violation of the Rehabilitation Act is a theory of constructive discharge.  * * * [H]er testimony and other evidence in the record establish that working conditions at Warm Springs had not become objectively intolerable at the time she resigned her position, and that [plaintiff] elected to qui[t] before giving her employer the opportunity to correct the problems she was experiencing."  *Id.*

      C.      <u>Plaintiff Must Prove Constructive Discharge Under Oregon Law to Prove Damages Arising From His Resignation</u>

For the reasons previously described, Plaintiff must prove constructive discharge to recover damages arising from his voluntary resignation for his claims brought under ORS Chapter 659A.

      **3.**      **The Evidence Presented by Plaintiff is Legally Insufficient to Show that He Was Constructively Discharged**

Simply put, Plaintiff has failed to present legally sufficient evidence upon which a jury could find that, under either the federal or state formulations of constructive discharge, that apply an objective reasonable-person standard, he was compelled to resign his position as a result of Defendant's conduct.

The Ninth Circuit has described a plaintiff's burden of proof for constructive discharge as follows:

> [C]onstructive discharge occurs when the workings conditions deteriorate, as a result of discrimination, to the point that they become sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer.

*Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) (internal quotation marks omitted).  Proving constructive discharge presents a "high bar" because "federal antidiscrimination policies are better served when the employee and employer attack discrimination within their existing employment relationship, rather than when the

Page 9 - MOTION FOR JUDGMENT AS A MATTER OF LAW

employee walks away and then later litigates whether his employment situation was intolerable." *Poland*, 494 F.3d at 1184-85 (citing *Thorne v. City of El Segundo*, 802 F.2d 1131, 1134 (9th Cir. 1986).

Moreover, *Poland* recognized that "[a]n employee may not . . . be unreasonably sensitive to a change in job responsibilities[,]" *id.* at 1185 (citing *Serrano–Cruz v. DFI P.R., Inc.*, 109 F.3d 23, 26 (1st Cir.1997), and that a transfer to a non-supervisory position is insufficient to prove constructive discharge, *id* (citing, *inter alia*, *McCann v. Litton Sys., Inc.*, 986 F.2d 946, 952 (5th Cir.1993) for the proposition that constructive discharge does not lie where plaintiff "faced a slight decrease in pay coupled with a loss of some supervisory responsibilities").

Oregon law also recognizes that, to pursue constructive discharge, the plaintiff must prove more than discrimination alone. *See McGanty*, 321 Or 532, 557 (1995) (setting out elements plaintiff must prove to establish constructive discharge); *see also Id.* at 556 ("Objectively tolerable working conditions simply are not an inducement to resign."). The principle difference with constructive discharge under state law is that, while the Ninth Circuit does not require a plaintiff to prove that the employer created the intolerable working conditions with the intent to cause the employee to resign, *Poland*, 494 F.3d at 1184-85 n 7, Oregon law does. *McGanty*, 321 Or 856-57.

A.  <u>Plaintiff Has Failed to Properly Present His Constructive Discharge Claim to the Court</u>

Plaintiff has not clearly plead a theory of constructive discharge, ECF No. 1 (Complaint), but seeks to make an end-run around that "high bar" to recover economic and non-economic damages that, undisputedly, would only have been incurred *if he had not resigned on December 31, 2020*. The factual allegations in Plaintiff's Complaint do

Page 10 - MOTION FOR JUDGMENT AS A MATTER OF LAW

not identify any allegedly discriminatory actions by Defendant except for Sheriff-elect Brandenburg's decision to demote Plaintiff to the rank of Lieutenant when she assumed office. ECF No. 1, ¶¶ 21-25.

Plaintiff's Complaint does not allege that the working conditions that would result from being demoted to the rank of Lieutenant were intolerable and would lead a reasonable person to resign; to the contrary, Plaintiff simply alleged that he "resigned his position with Defendant in advance of his demotion to avoid the loss of retirement benefits he would have experienced as a Lieutenant." *Id.* at ¶ 25.

Plaintiff bears the burden of pleading and proving he is entitled to the relief and damages he requests. Plaintiff's failure to plead an adequate theory to recover economic damages directly attributable to his resignation and arising only after his resignation is a sufficient basis to rule that Plaintiff cannot now pursue damages caused by his decision to retire.

### B. Plaintiff Has Not Presented Sufficient Evidence to Prove that He Was Constructively Discharged

Based on the evidence adduced thus far, Plaintiff's claim of constructive discharge rests entirely on his claim that his demotion was improper discrimination on the basis of his disability and age, and amounted to interference with his rights under the FMLA. This single incident of discrimination in insufficient, as a matter of law, to establish that his retirement was caused by the discriminatory working conditions created by Defendant. *See Watson v. Nationwide Ins. Co.*, 823 F.2d 360, 361 (9th Cir. 1987) ("[W]e have noted that, in general, a single isolated instance of employment discrimination is insufficient as a matter of law to support a finding of constructive discharge.... Hence, a plaintiff alleging a constructive discharge must show some

aggravating factors, such as a continuous pattern of discriminatory treatment.") (internal quotation marks and emphasis omitted). Additionally, other circuit courts have held that demotion alone is insufficient to amount to constructive discharge. *See Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 515 (6th Cir. 1991) (that plaintiff "had legitimate options for continued employment with the company, even in less prestigious positions, precludes a finding that he was constructively discharged. A demotion within a company does not amount to a constructive discharge unless the proffered employment options would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." (citation and quotation marks omitted); *Shealy v. Winston*, 929 F.2d 1009 (4th Cir. 1991) (plaintiff failed to show that demotion from chief magistrate position constituted constructive discharge where it would have been "awkward" to work with the new chief magistrate; "[m]erely 'awkward' situations cannot support a claim of constructive discharge").

Additionally, the fact that Plaintiff resigned his employment *before* allegedly intolerable working conditions would have arisen should foreclose any claim that Plaintiff was constructively discharged from employment. A plaintiff should not be permitted to resign from employment in response to a proposed change in rank and job duties, then claim that he speculated the working conditions would have been intolerable. "The general rule is that a reasonable employee must remain and fight discrimination on the job. Indeed, even when the employee is faced with what he anticipates will be an intolerable job environment, courts generally hold that the employee should not quit precipitously, but rather should remain to see whether those fears do in fact materialize. Courts recognize an important legal distinction between

Page 12 - MOTION FOR JUDGMENT AS A MATTER OF LAW

circumstances in which a resignation may be *reasonable* and circumstances in which 'the abusive working environment became so intolerable that [the plaintiff's] resignation qualifies as a fitting response.'" Lindemann & P. Grossman, Employment Discrimination Law, 21-41 (5th ed. 2012) (quoting *Suders*, 542 U.S. at 133; footnotes omitted).

 Moreover, while Plaintiff may now argue that there was a course of discriminatory conduct, the evidence presented is still patently insufficient to show that working conditions were so intolerable that Plaintiff's resignation from employment was reasonable under the circumstances. *Poland* clearly demonstrates that summary judgment or judgment as a matter of law on constructive discharge is not confined to cases of a single, isolated instance of discrimination. Plaintiff has failed to show that the proposal to demote him or any other conduct by the Sheriff's Office "create[d] working conditions that are 'sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood.'" *Poland*, 494 F.3d at 1186. In so ruling, the Ninth Circuit noted that, even if it were reviewing the District Court's decision under a clearly erroneous standard of review, it would find that the plaintiff there had not been constructively discharged. *Id. See also Magee*, 2020 WL 9550008, at *7 (granting summary judgment to defendant because, as a matter of law, no reasonable person would be compelled to resign under the circumstances presented there).

 Furthermore, the evidence does not establish any of the other actions by the Sheriff's Office that have been raised by Plaintiff made the working conditions objectively intolerable. Plaintiff was assigned the responsibility to review the Sheriff's Office's training protocols and to make recommendations directly to the Sheriff and

Undersheriff.  That it may not have been his preferred assignment or he perceived it as a marginal assignment does not make it an aggravating factor, nor does it demonstrate that Plaintiff's working conditions were intolerable.  Further, the evidence reflects that when Plaintiff was asked to oversee the development of the new Training Division, he declined because he anticipated leaving the Sheriff's Office soon.  Because Plaintiff rejected an assignment to oversee a Division with the Sheriff's Office, he cannot now claim that his duties were restricted over time and akin to the "dull task of tying ropes." *Satterwhite v. Smith*, 744 F.2d 1380, 1383 (9th Cir. 1984).  Nor can the announcement that he would no longer be supervising PSU, which he had been doing in a temporary capacity until the assigned Lieutenant took over that unit, be considered an aggravating factor.

Unlike *Satterwhite*, Plaintiff does not contend that he was subjected to discriminatory insults, as was the case there.  While *Sanchez v. v. City of Santa Ana*, 915 F2d 424, 431 (9th Cir 1990) and *Satterwhite* do reflect that a single incident of discrimination is generally insufficient to establish constructive discharge, the Ninth Circuit's more recent decision in *Poland* illustrates that, regardless of the number of precipitating incidents or aggravating factors, a plaintiff who quits his position faces a "high bar" to prove constructive discharge insofar the discriminatory working conditions must be "sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood." *Poland*, 494 F3d at 1186 (citing *Brooks*, 229 F.3d at 930).  While Plaintiff may have suffered some embarrassment or wounded pride, no reasonable juror could

Page 14 - MOTION FOR JUDGMENT AS A MATTER OF LAW

find that the working conditions presented to him were so intolerable that a reasonable person would feel compelled to resign.

Finally, in addition to failing to prove the reasonable person in Plaintiff's position would have resigned due to intolerable working conditions, applying Oregon's constructive-discharge law, Plaintiff has failed to meet his burden to show that the decision to demote him to the rank of Lieutenant (or any other actions taken by the Sheriff's Office) were done with the intent to get him to resign or knowledge that it was substantially certain he would do so.  Given the lack of evidence on this element, judgment as a matter of law should be granted to Defendant on the issue of whether Plaintiff was constructively discharged for the purposes of his state law claims.

4. **Conclusion**

For the foregoing reason, the Court should grant Defendant's Motion for Judgment as a Matter of Law on the issue of whether Plaintiff's resignation on December 31, 2020, may be considered a constructive discharge and, consequently, find that Plaintiff is not entitled to any damages arising after his voluntary resignation, which would include any difference in pay that would have resulted from his demotion to Lieutenant.  The Court should instruct the jury that, in determining what damages are owed to Plaintiff, if any, they are not to award any damages attributable to his decision to resign from employment, which would necessarily preclude any award of back pay or front pay.

/ / /

/ / /

/ / /

/ / /

Page 15 - MOTION FOR JUDGMENT AS A MATTER OF LAW

Dated this 19th day of October, 2023.

        STEPHEN L. MADKOUR
        CLACKAMAS COUNTY COUNSEL

        <u>s/ Shawn A. Lillegren</u>
        Shawn A. Lillegren, OSB No. 033750
        Assistant County Counsel
        E-mail: slillegren@clackamas.us
        Andrew Narus, OSB No. 134373
        Assistant County Counsel
        E-mail:  anarus@clackamas.us
        Sarah Foreman, OSB No. 042859
        Assistant County Counsel
        E-mail:  sforeman@clackamas.us
        Stephen L. Madkour, OSB No. 941091
        E-mail: smadkour@clackamas.us
        Of Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I served a true copy of the foregoing MOTION FOR JUDGMENT AS A MATTER OF LAW on:

| | |
|---|---|
| Daniel Snyder<br>Law Offices of Daniel Snyder<br>1000 SW Broadway, Suite 2400<br>Portland, OR 97205<br>dansnyder@lawofficesofdanielsnyder.com<br>Attorney for Plaintiff | ___ First Class Mail<br>_x_ E-Serve<br>_x_ E-mail |

Dated this 19th day of October, 2023.

STEPHEN L. MADKOUR
CLACKAMAS COUNTY COUNSEL

s/ Shawn A. Lillegren

Shawn A. Lillegren, OSB No. 033750
Assistant County Counsel
E-mail: slillegren@clackamas.us
Andrew Narus, OSB No. 134373
Assistant County Counsel
E-mail:  anarus@clackamas.us
Sarah Foreman, OSB No. 042859
Assistant County Counsel
E-mail:  sforeman@clackamas.us
Stephen L. Madkour, OSB No. 941091
E-mail: smadkour@clackamas.us
Of Attorneys for Defendant