IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KEVIN POPPEN, | Case No. 3:22-cv-00227-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CLACKAMAS COUNTY, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiff Kevin Poppen ("Poppen") filed this action against Defendant Clackamas County (the "County"), and the County prevailed at trial. Now, the County seeks a cost award. (ECF No. 115.) For the reasons that follow, the Court approves the County's cost bill and awards the County its costs in the amount of $2,524.80.

## BACKGROUND

      Poppen filed this action alleging claims for violations of the Family and Medical Leave Act ("FMLA"), Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), and Oregon Family Leave Act ("OFLA"), and claims for age and disability discrimination under Oregon law. (Compl. at 7-16, ECF No. 1.) Following a mixed jury and

bench trial, held from October 17, 2023, to October 20, 2023, the jury returned a verdict for the County on Poppen's claims for violations of the FMLA, ADA, and ADEA, and his claims for age and disability discrimination under Oregon law. (Jury Verdict at 1-2, ECF No. 108.) The Court found in favor of the County on Poppen's OFLA claim (Op. & Order, ECF No. 113.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure ("Rule") 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed by the prevailing party." FED. R. CIV. P. 54(d)(1). "By its terms, [Rule 54(d)(1)] creates a presumption in favor of awarding costs to a prevailing party[.]" *Ass'n Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (citation omitted). Accordingly, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

Rule 54(d)(1) also "vests in the district court discretion to refuse to award costs." *Ass'n Mexican-Am. Educators*, 231 F.3d at 591 (citation omitted). "That discretion is not unlimited. A district court must 'specify reasons' for its refusal to award costs." *Id.* (quoting *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)). "[A] district court's decision regarding costs is reviewed for abuse of discretion." *Powell v. Adlerhorst Int'l, Inc.*, No. 3:14-cv-01827-MO, 2017 WL 1371269, at *1 (D. Or. Apr. 12, 2017) (citing *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016)).

## DISCUSSION

The County submitted a Bill of Costs (ECF No. 115) seeking $836.00 in costs for the original transcript of Poppen's deposition, $6.00 for copies of the exhibits for Poppen's deposition, and costs for copies of the transcripts for the depositions of Angela Brandenburg

PAGE 2 – OPINION AND ORDER

($427.50), Jenna Morrison ($282.50), Eric Sarha ($236.00), Craig Roberts ($143.00), Cathy Poppen ($170.00), Elisa Crebs ($91.00), Lyndie Hamlin ($101.40), James Rhodes ($143.00), and David Ellington ($88.40), totaling $2,524.80. (Shawn Lillegren Decl. Supp. Def.'s Bill of Costs ("Lillegren Decl.") ¶¶ 2-7, ECF No. 116.)

Poppen objects to the County's bill of costs, arguing that the deposition transcripts were not necessarily obtained for use in this case because they were not introduced as evidence at trial, required for a dispositive motion, or reasonable as part of the pretrial preparation of the case, as opposed to merely for counsel's convenience. (Pl.'s Obj. at 2, ECF No. 117.) Regarding the County's employees or former employees whom the County represents, Poppen asserts that defense counsel could have simply conducted interviews and that the transcripts are nothing more than a convenience for counsel. (*Id.* at 2-3.) Further, Poppen objects to the cost of the copy of Cathy Poppen's deposition transcript because the County did not cross examine her at trial.[1] (*Id.* at 3.)

Section 1920 lists the specific items a prevailing party may recover as costs, including, as relevant here: "(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; . . . [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2), (4); *see also Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998) ("Deposition costs are taxable if they are reasonably necessary for trial."); *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995) ("Costs related to depositions are generally available to a prevailing party

---

[1] Poppen also objects to an award of costs for the videographer and reporter at Poppen's deposition. (Pl.'s Obj. at 2-3.) However, although the costs of the videographer and reporter are listed on the same invoice as the costs of the original transcript of Poppen's deposition and the copies of deposition exhibits, the County is not seeking to recover those costs from Poppen. (*See* Lillegren Decl. ¶ 2; Def.'s Reply at 3, ECF No. 118.)

PAGE 3 – OPINION AND ORDER

under 28 U.S.C. § 1920. More specifically, fees incurred in obtaining deposition transcripts may be recovered under § 1920(2).") (citations omitted).

"Depositions are 'necessary' if introduced into evidence or used at trial for impeachment or cross-examination." *Williams v. Thompson*, No. 3:16-cv-02074-AC, 2019 WL 8440513, at *4 (D. Or. May 2, 2019) (quoting *Arboireau v. Adidas Salomon AG*, No. 3:01-cv-00105-ST, 2002 WL 31466564, at *5 (D. Or. June 14, 2002)). "The cost of a deposition not used at trial still may be recovered 'if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion.'" *Id.* (quoting *Arboireau*, 2002 WL 31466564, at *5); *see also Mendoza v. Lithia Motors, Inc.*, No. 6:16-cv-01264-AA, 2021 WL 354108, at *2 (D. Or. Feb. 2, 2021) (same). "A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." *Kelley v. Sears, Roebuck & Co.*, No. 3:01-cv-1423-ST, 2004 WL 1824121, at *4 (D. Or. Aug. 10, 2004) (quoting *Frederick*, 162 F.R.D. at 143). In other words, "[i]n general, the mere fact that items are neither introduced into evidence nor otherwise become part of the official court record is not determinative of whether that item was reasonably or necessarily obtained for use in the case." *Ash Grove Cement Co. v. Liberty Mut. Ins. Co.*, No. 3:09-cv-00239-HZ, 2014 WL 837389, at *16 (D. Or. Mar. 3, 2014) (quoting *Frederick*, 162 F.R.D. at 143), *aff'd*, 649 F. App'x 585 (9th Cir. 2016). "[A]s a general observation, obtaining copies of deposition transcripts for counsel's use at trial is a common practice in this district and, generally, is reasonably calculated to properly prepare for trial and within Rule 54's 'necessity'

PAGE 4 – OPINION AND ORDER

requirement." *U.S. ex rel. Berglund v. Boeing Co.*, No. 03:02-cv-193-AC, 2012 WL 697140, at *3 (D. Or. Feb. 29, 2012).

There is no dispute that the County was the prevailing party in this action, and the Court so finds. With respect to the necessity of the costs the County seeks, the Court concludes that the original transcript of Poppen's deposition (and the copies of his deposition exhibits) and the copies of the other deposition transcripts each satisfy Rule 54's necessity requirement. The deposition of each witness at issue—all of whom were potential trial witnesses—was reasonably calculated to prepare for trial. Further, there should be no reasonable dispute that obtaining the transcript of a deposition is imperative to allow counsel to recall specific testimony to evaluate the merits of filing a dispositive motion or calling the witness at trial, even if counsel decides not to file a dispositive motion or call the witness at trial. Cf. *William*, 2019 WL 8440513, at *4 ("While none of the deposition transcripts were offered at trial, . . . all testified at trial. Their deposition testimony provided crucial information during the discovery process, assisted counsel in examining the witness at trial, and offered possible impeachment evidence. The court finds Plaintiffs are entitled to recover the requested deposition costs[.]"); *Ash Grove Cement Co.*, 2014 WL 837389, at *16 ("Ring, Nellermoe, Church, and Goodhue were witnesses at the trial. I find that these transcripts were necessarily obtained for Plaintiff to adequately prepare for trial."). Accordingly, the Court concludes that all of the costs listed in the County's bill of costs were necessary for use in this case.

///

///

///

///

PAGE 5 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS the County's bill of costs in the amount of $2,524.80 (ECF No. 115). Poppen shall pay the cost bill within thirty (30) days.

**IT IS SO ORDERED.**

DATED this 21st day of December, 2023.

                                                       HON. STACIE F. BECKERMAN
                                                     United States Magistrate Judge